1  **BURRIS, NISENBAUM, CURRY, AND LACY LLP**
2  DEWITT M. LACY, Esq. (SBN 258789)
   JULIA N. QUESADA, Esq. (SBN 337872)
3  9701 Wilshire Blvd., Suite 1000
4  Beverly Hills, California 90212
   Telephone: (310) 601-7070
5  Facsimile: (844) 273-6873
6  dewitt@bncllaw.com
   julia.quesada@bncllaw.com
7
8  Attorneys for Plaintiffs,
   Jonathan Jaimes and J.J., a minor
9  by and through his G.A.L., Olga Rodriguez

10             **UNITED STATES DISTRICT COURT**
11
12             **CENTRAL DISTRICT OF CALIFORNIA**

13  JONATHAN JAIMES, an individual,       Case No.:
14  and J.J., a minor by and through his
    Guardian Ad Litem, Olga Rodriguez     **COMPLAINT FOR DAMAGES**
15
                    Plaintiffs,            42 U.S.C. § 1983: Fourth Amendment
16                                         Cal. Civ. Code § 52.1
17       vs.                               Pendent Tort Claims

18  COUNTY OF SAN BERNARDINO, a           **JURY TRIAL DEMANDED**
    municipal entity; JESSE REYES,
19  individually and in his official capacity
20  as Sheriff's Deputy for the San
    Bernardino County Sheriff's
21  Department; and TYLER EDWARDS,
    individually and in his official capacity
22  as Sheriff's Deputy for the San
23  Bernardino County Sheriff's
    Department, and DOES 1 through 50,
24  inclusive, individually and in official
25  capacity as deputies for the County of
    San Bernardino Sheriff's Department,
26
27               Defendants.

28

1

2

## INTRODUCTION

3      1.    This civil rights case arises out of the unreasonable use of force inflicted
against Jonathan Jaimes and his 15-year-old son, J.J., by several deputies of the San
Bernardino County Sheriff's Department. Around midnight on July 4, 2025 and July
5, 2025, Mr. Jaimes, his significant other, and J.J. were celebrating Independence
Day at their family home location in Victorville, California, when sheriff's deputies
arrived in response to a disagreement reported by Mr. Jaimes' girlfriend. Without
warning, deputies approached Mr. Jaimes standing in the front yard, grabbed his
body, and pulled Mr. Jaimes to the ground in front of J.J. and his girlfriend. Mr.
Jaimes was then tasered, followed by several punches and strikes. J.J., fearing for
his father's safety, plead with deputies to stop striking Mr. Jaimes. J.J. was thereafter
tackled by deputies and placed in handcuffs. Mr. Jaimes and J.J. were both taken
into custody.

    2.    The conduct engaged in by the San Bernardino County Sheriff's
Department against Jonathan Jaimes and 15-year-old J.J., was unnecessary and
excessive under the circumstances, and is thereby unconstitutional.

    3.    This action seeks compensatory and punitive damages from Defendants
for violating various rights under the United States Constitution and California state
law, in connection with the unjustified use of force against Jonathan Jaimes and J.J.

## JURISDICTION AND VENUE

    4.    This action arises under Title 42 of the United States Code, § 1983.
Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983
and questions of federal constitutional law. The unlawful acts and practices alleged
herein occurred in the City of Victorville, County of San Bernardino, California,
which is within the judicial district of this Court. The same actions and omissions
that form the basis of Plaintiffs' federal claims, form the basis of their state law

**COMPLAINT FOR DAMAGES**

claims. Thus, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

5.     Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because Plaintiffs reside in, and Defendants operate and perform official duties in San Bernardino County, and are believed to reside in this district. All incidents, events, and occurrences giving rise to this action also occurred in San Bernardino County, which is within this district.

## **PARTIES**

6.     Plaintiff JONATHAN JAIMES (hereinafter "Plaintiff Jonathan") is and was at all times mentioned herein, an individual residing in the State of California and is a United States Citizen.

7.     Plaintiff J.J. (hereinafter "Plaintiff J.J.") is and was at all times mentioned herein, a minor residing in the State of California and is a United States Citizen.

8.     Defendant JESSE REYES (hereinafter "Defendant Reyes") is and was at all times mentioned herein, a deputy for the San Bernardino County Sheriff's Department, and is sued individually and in his official capacity.

9.     Defendant TYLER EDWARDS (hereinafter "Defendant Edwards") is and was at all times mentioned herein, a deputy for the San Bernardino County Sheriff's Department, and is sued individually and in his official capacity.

10.     Defendant COUNTY OF SAN BERNARDINO (hereinafter "Defendant County") is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times mentioned herein, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the County of San Bernardino Sheriff's Department and its tactics, methods, practices, customs, and usage. At all relevant

**COMPLAINT FOR DAMAGES**

times mentioned herein, Defendant County is and was the employer of Defendants REYES, EDWARDS and DOES 1 through 50, inclusive, (hereinafter, collectively, "Defendant Deputies"), individually and in their official capacities as deputies for the County of San Bernardino Sheriff's Department.

11.    Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

12.    Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the deputies and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of the Defendants DOES 26 through 50 were also responsible for and caused the acts and injuries

alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

13.     Plaintiffs are required to comply with the administrative procedures set forth in the California Government Claims Act. Plaintiffs Jonathan Jaime and J.J. filed Claims against the County of San Bernardino on January 3, 2025.

14.     The County of San Bernardino rejected Plaintiffs' claims on February 4, 2025.

15.     Plaintiffs therefore exhausted all administrative remedies pursuant to section 910 of the California Government Code.

## PRELIMINARY ALLEGATIONS

16.     The County of San Bernardino is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth Amendment of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code, for the acts and omissions of Defendants Reyes and Edwards, including DOES 1 through 50, and each of them, who at the time they caused Plaintiffs' injuries and damages, were duly appointed, qualified and acting, officers, employees, and/or agents of Defendant County, and acting within the course and scope of their employment and/or agency.

17.     Moreover, Defendant County is a public entity and is sued in its own right and on the basis of the acts and/or omissions of its officials, agents and employees, including those associated with the County of San Bernardino Sheriff's Department. Under law, including California Government Code § 815(a), the County is liable for the unlawful tortious acts hereinafter complained of, including those violating state law and committed by the Sheriff's Department entity and its employees acting within the course and scope of their employment.

**COMPLAINT FOR DAMAGES**

18.     Each of the Defendants caused and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating, or failing to promulgate, policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents, officers, deputies, medical providers and employees under their direction and control.

19.     Whenever and wherever reference is made in this Complaint to any act by Defendants Jesse Reyes, Tyler Edwards, and DOES 1 through 50, such allegations and references shall also be deemed to mean the acts, and failures to act, of each Defendant, including Defendants Jesse Reyes, Tyler Edwards, and DOES 1 through 50, individually, jointly, or severally.

## GENERAL ALLEGATIONS

20.     Around midnight on July 4, 2025-July 5, 2025, Plaintiff Jonathan Jaimes, his girlfriend, and his 15-year-old son, Plaintiff J.J., were at celebrating Independence Day at their family home at 11897 Saxton Way, Victorville, California 92392. Plaintiff Jonathan and his girlfriend got into a disagreement, prompting a call to 9-1-1.

21.     Sometime thereafter, Mr. Jaimes and J.J. were in the front yard when several San Bernardino County Sheriff's deputies arrived at the house. Without warning, Defendant Deputies Jesse Reyes and Tyler Edwards approached the residence, grabbed onto Mr. Jaimes and pulled him to the ground. Deputies proceeded to taser Mr. Jaimes multiple times, then subjected him to repeated punches and strikes while Mr. Jaimes was incapacitated on the ground.

**COMPLAINT FOR DAMAGES**

22.    As Deputies Reyes and Edwards tasered and struck Mr. Jaimes on the ground, his 15-year-old son, Plaintiff J.J., plead to deputies to stop using force against his father. Deputies did not stop and eventually tackled J.J. to the ground. Mr. Jaimes and J.J. were both handcuffed and taken into custody.

23.    Plaintiffs are informed and believe, and thereon allege, that Defendants Reyes, Edwards, and DOES 1-25 proceeded to use excessive force against Plaintiffs Jonathan and J.J. without legal justification, and to assault and batter Plaintiffs Jonathan and J.J. through acts that include but are not limited to, tackling Plaintiffs Jonathan and J.J. to the ground, tasering Plaintiff Jonathan, then repeatedly punching and striking Plaintiff Jonathan. At no time during the Deputies' encounter with Plaintiffs, did Plaintiffs Jonathan and J.J. pose any reasonable or credible threat of violence to Defendants Reyes and Edwards, or other, nor did they do anything to justify the level of force used against them.

24.    Plaintiffs are informed and believe, and thereon allege, that upon arriving at 11897 Saxton Way, Victorville, California 92392, Defendant Deputies Reyes, Edwards, and DOES 1-25, while acting under the color of state law, and in the course and scope of his employment with the Defendant County of San Bernardino Sheriff's Department, negligently assessed the circumstances presented to them when Defendant Deputies Reyes, Edwards, and DOES 1-25, came into contact with Plaintiffs Jonathan and J.J.

25.    Moreover, Plaintiffs Jonathan and J.J. made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that they had the will, or the ability, to inflict substantial bodily harm against any individual at the time Defendants Reyes, Edwards, and DOES 1-25 encountered them. Furthermore, Defendants Reyes, Edwards, and DOES 1-25 were never faced with any circumstances during the encounter with Plaintiffs which would have led a reasonable sheriff's deputy to believe that they posed a risk of

**COMPLAINT FOR DAMAGES**

death or serious bodily injury to any person at the time such high levels of force was used.

26.    Plaintiffs Jonathan and J.J. both suffered physical injuries as the direct and proximate result of the force inflicted by Defendants Reyes, Edwards, and DOES 1-25.

27.    Plaintiffs are informed and believe, and thereon allege, that Defendants DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants Reyes, Edwards, and DOES 1-25. Their failure to discipline Defendants Reyes, Edwards, and DOES 1-25, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating and/or ratifying with deliberate indifference, the making of improper detentions and arrests of all citizens, including improper detentions and arrests of persons and juveniles, and the use of excessive and/or deadly force against San Bernardino County citizens.

28.    Plaintiffs are informed and believe, and thereon allege, that members of the County of San Bernardino Sheriff's Department, including but not limited to, Defendants Reyes, Edwards, and DOES 1-50, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including but not limited to, Plaintiffs Jonathan, and 15-year-old J.J.

29.    Plaintiffs are informed and believe, and thereon allege, that the County of San Bernardino Sheriff's Department knew or had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations.

30.    Plaintiffs also suffered extreme psychological distress and injury as a result of this ordeal. Plaintiffs suffered and still suffer from symptoms including, but

not limited to, fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

31.    During the incident, Defendants Reyes, Edwards, and DOES 1-25, inclusive, worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

32.    Moreover, each of the Defendants Reyes, Edwards, and DOES 1-25 failed to intervene or prevent harm when his or her colleagues were depriving Plaintiffs of their constitutional rights as stated in this Complaint. By failing to intervene, each of Defendants Reyes, Edwards, and DOES 1-25 additionally violated Plaintiffs' constitutional rights.

33.    Plaintiffs are informed and believe, and thereon allege, that Defendants violated standard police practices and training during the performance of their duties as San Bernardino County Sheriff's Department Deputies.

34.    Plaintiffs are informed and believe, and thereon allege, that Defendants Reyes, Edwards, and DOES 1-25 failed to maintain situational awareness and improperly assessed the circumstances presented. On information and belief, Defendants Reyes and Edwards failed to consider the dangers of their actions when force was used against a father and his fifteen-year-old boy after Defendants Reyes and Edwards failed to follow their training protocols for contacting persons in a domestic dispute and contacting juveniles, and further failed to consider the dangers of their actions when Plaintiff Jonathan was tackled, tasered, punched, and struck repeatedly in front of his 15-year-old son, J.J., and then tackled Plaintiff J.J. without warning.

35.    The actions and omissions of Defendant County and Defendants Reyes, Edwards, and DOES 1 through 50, inclusive, were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color

of law, within the course and scope of their employment as law enforcement officers, detectives, and/or public officials of Defendant County and/or other jurisdictions.

36.    At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Plaintiffs' rights, and in the alternative, negligent and objectively unreasonable.

## DAMAGES

37.    As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of the unjustified infliction of force against them, which includes but is not limited to, physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

38.    Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Plaintiffs under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. § 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of the Fourth Amendment of the U.S. Constitution – Excessive Force)
### (Plaintiffs JONATHAN JAIMES and J.J. Against Defendants JESSE REYES, TYLER EDWARDS and DOES 1-25)

39.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 37 of this Complaint.

40.    42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

41.    Plaintiffs Jonathan Jaimes and J.J. have firmly established rights under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against them.

42.    Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

43.    While acting in the performance of their official duties, Defendants Reyes and Edwards used unreasonable force against Plaintiff Jonathan Jaimes by pulling Plaintiff to the ground, tasering him multiple times, then striking and punching him several times in front of his son and girlfriend without justification. Such use of force was excessive, unreasonable, and avoidable under the circumstances.

44.    Further, while acting in the performance of their official duties, Defendants used unreasonable force against Plaintiff J.J. by tackling him to ground and using force to handcuff him and take him into custody. Defendants knew or should have known that they were encountering a fifteen-year-old boy. Nevertheless, Defendants approached the home without a plan, ignored basic training of P.O.S.T., and resorted to physical force, including tackling, tasering, and striking, after Defendants continued to escalate the situation. Such conduct was reckless.

45.    Plaintiffs posed no immediate, credible threat of harm to Defendants Reyes, Edwards, or any other deputy or individual, when Plaintiffs were tackled, and Plaintiff Jonathan was tasered multiple times and beaten in his front yard. Defendants' use of force was unjustified under the totality of the circumstances and

**COMPLAINT FOR DAMAGES**

deprived Plaintiffs of their right to be secure in his person against unreasonable searches and seizures, as guaranteed to him under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment of the United States Constitution.

46.    At no point did any Defendant DOE Deputy intervene to stop Defendants Reyes, Edwards, and DOES 1 through 25, from using unreasonable, and excessive force on Plaintiffs, each of which was unreasonable under the totality of the circumstances.

47.    Defendants Reyes, Edwards and DOES 1 through 25, acting under the color of statute, ordinances, regulations, customs and usages of the State of California, knew that the use of force in these circumstances was unjustified, and was thereby illegal under clearly established law.

48.    As a result of Defendant deputies' unjustified actions and omissions, Plaintiffs suffered physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

49.    Plaintiffs Jonathan and J.J. suffered extreme pain and suffering by Defendant DOES 1-25.

50.    Defendants' conduct alleged herein was willful, wanton, malicious, intentional, and deliberate, and was done with reckless disregard for the constitutionally protected rights, welfare, and safety of Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

///

///

///

///

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Plaintiffs JONATHAN JAIMES and J.J. Against Defendants COUNTY and DOES 26-50)**

51.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

52.     On information and belief, the conduct of Defendants Reyes, Edwards, and DOES 1-25, inclusive, individually and as peace officers, was ratified by Defendant County's Sheriff's Department supervisorial officers, Defendants DOES 26-50.

53.     On information and belief, Defendants Reyes and Edwards, and DOES 1-25, were not disciplined for the use of unreasonable, excessive force against Plaintiffs.

54.     Prior to and continuing from, July 4, 2024, Defendants, individually and as peace officers, deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments of the United States Constitution, in that said Defendants, and their supervising and managerial commanders, employees, agents, and representatives, acted with gross negligence, and with reckless disregard and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs, and of persons in their class, situation, or comparable position in particular, knowingly maintained, enforced, and applied, an official recognized custom, policy, and practice of:

a.     Employing and retaining as Sherriff's deputies, detectives, and other personnel, including Defendants Reyes, Edwards, and DOES 1 through 25, individually and as peace officers; who at all material times knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating citizens

**COMPLAINT FOR DAMAGES**

by failing to follow written San Bernardino County Sheriff's policies, including the use of excessive force, and respecting the protections afforded to citizens under the Fourth Amendment;

b. Inadequately supervising, training, controlling, assigning, and disciplining Defendant County deputies, detectives, and other personnel, including Defendants Reyes, Edwards, and DOES 1 through 25, whom Defendant County knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c. Inadequately supervising, training, controlling, assigning, and disciplining Defendant County Sheriff's deputies, detectives, and other personnel, including Defendants Reyes, Edwards, and DOES 1 through 25, in responding to individuals who were involved in a domestic dispute, or juveniles;

d. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct of Defendants Reyes, Edwards, and DOES 1 through 25, who are Sheriff's Deputies of Defendant County;

e. Failing to discipline Defendant County Sheriff's deputies and/or detectives for their misconduct, including but not limited to, unlawful seizures and excessive force;

f. Ratifying the intentional misconduct of Defendants Reyes, Edwards,and DOES 1 through 25, who are Sheriff's deputies and/or detectives of Defendant County;

g. Having and maintaining an unconstitutional policy, custom and practice, of detaining and arresting individuals without probable

**COMPLAINT FOR DAMAGES**

cause or reasonable articulable suspicion, and using excessive force, including deadly force, demonstrated by the grossly inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with deliberate indifference to individuals' rights, safety and welfare; and

h. Failing to properly investigate claims of unlawful seizures and excessive force by Defendant County Sheriff's deputies and/or detectives.

55.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiffs sustained severe injuries, were inflicted with pain and suffering, and emotional distress, when Defendants Reyes and Edwards disregarded their training, ignored protocols for contacting persons involved in domestic dispute or juveniles, and tackled Plaintiffs to the ground, then tasered, struck, and punched Plaintiff Jonathan multiple times without justification, for which Plaintiffs are entitled to recover damages.

56.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

57.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights, safety, and wellbeing of Plaintiffs. Each of their actions and inactions was willful, wanton,

intentional, oppressive, malicious, fraudulent, extremely offensive and outright unconscionable, to any person of normal sensibilities.

58.    Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants, individually and as peace officers, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon and suffered by, Plaintiffs.

59.    By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs suffered physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

60.    Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Violation of California Civil Code § 52.1)**
**(Plaintiffs JONATHAN JAIMES and J.J. Against Defendants JESSE REYES, TYLER EDWARDS, and DOES 1-25)**

61.    Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 60 of this Complaint.

62.    Defendants Reyes and Edwards further acted with a reckless disregard to Plaintiff Jonathan Jaimes' constitutional rights by physically taking Plaintiff to the ground without warning, then proceeding to taser Plaintiff, and inflict repeated strikes and punches to Plaintiff without any provocation.

63.    Defendant Deputies acted with a reckless disregard to Plaintiff J.J.'s constitutional rights when Plaintiff plead with deputies to stop attacking his father, but was then tackled to the ground and taken into custody.

64.    Defendants' aforementioned conduct constituted interference and attempted interference, by threats, intimidation and coercion, with Plaintiffs'

**COMPLAINT FOR DAMAGES**

peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of section 52.1 of the California Civil Code.

65.    As a direct and proximate result of Defendants' violations of section 52.1 of the California Civil Code, Plaintiffs were deprived of their constitutional rights and suffered damages, as set forth herein.

66.    Defendants' conduct caused Plaintiffs to suffer physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

67.    Plaintiffs are entitled to injunctive relief and an award of their reasonable attorneys' fees, pursuant to California Civil Code section 52.1, subdivision (h).

68.    Plaintiffs are entitled to treble damages, but in no case less than $4,000.00, and an award of their reasonable attorneys' fees, pursuant to California Civil Code section 52.1, subdivision (a).

69.    Under the provisions of California Civil Code section 52.1, subdivision (b), Defendants are liable for punitive damages for each violation of section 52.1, reasonable attorneys' fees, and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Assault/Battery)
**(Plaintiffs JONATHAN JAIMES and J.J. Against Defendants COUNTY, JESSE REYES, TYLER EDWARDS, and DOES 1-25)**

70.    Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 69 of this Complaint.

71.    Defendants touched Plaintiff Jonathan with the intention and purpose to harm or offend him when Defendants tackled him to the ground, tasered him multiple times, struck him and punched him while his was on the ground without

**COMPLAINT FOR DAMAGES**

just cause. Defendants used force against Plaintiff caused by their own provocation and failure to follow P.O.S.T. training for responding to domestic calls and no threat was being posed to any person or deputy. Such conduct was neither privileged nor justified under statute or common law.

72.    Defendants touched Plaintiff J.J. with the intention and purpose to harm or offend him when Defendants tackled him to the ground and handcuffed him.

73.    Plaintiffs did not consent to the touching and were harmed by it.

74.    A reasonable person in Plaintiffs' situation would have been offended by the touching.

75.    Defendants' conduct caused Plaintiffs to experience severe pain, suffering, mental and physical anguish, and humiliation. Consequently, Plaintiffs have suffered further damages according to proof at the time of trial.

76.    The conduct alleged herein was willful, malicious, intentional, deliberate, and done with reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety.

77.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Reyes, Edwards, and DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Reyes, Edwards, and DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Reyes, Edwards, and and DOES 1-25, pursuant to section 815.2 of the California Government Code.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

///

///

**COMPLAINT FOR DAMAGES**

### FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Plaintiffs JONATHAN JAIMES and J.J. Against Defendants COUNTY,**
**JESSE REYES, TYLER EDWARDS and DOES 1-25)**

78.    Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 77 of this Complaint.

79.    Defendants' conduct as described herein was outrageous.

80.    Defendants intended to cause Plaintiffs emotional distress.

81.    Defendants acted with reckless disregard of the probability that Plaintiff Jonathan would suffer emotional distress, when Defendants grabbed Plaintiff and took him to the ground without warning, then tasered, punched, and struck him while he was on the ground.

82.    Defendants acted with reckless disregard of the probability that 15-year-old Plaintiff J.J. would suffer emotional distress, when Defendants tackled Plaintiff to the ground after pleading with deputies to stop inflicting force against his father, then putting him handcuffs.

83.    Plaintiffs suffered severe emotional distress from Defendants' harassment and unwarranted conduct.

84.    Defendants' conduct as described herein was a substantial factor in causing Plaintiffs' severe emotional distress.

85.    Defendants' conduct caused Plaintiffs to suffer physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

86.    The conduct alleged herein was done in a willful, intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety.

87.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government

Code, as public employees, Defendants Reyes, Edwards, and DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Reyes, Edwards, and DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Reyes, Edwards, and DOES 1-25, pursuant to section 815.2 of the California Government Code.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Negligence)**
**(Plaintiffs JONATHAN JAIMES and J.J. Against Defendants COUNTY, JESSE REYES, TYLER EDWARDS, and DOES 1-50)**

88.    Plaintiffs hereby reallege and incorporate the allegations set forth in paragraphs 1 through 87 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

89.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Reyes, Edwards, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Reyes, Edwards, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Reyes, Edwards, and DOES 1-25, pursuant to section 815.2 of the California Government Code.

90.    Defendants acted negligently preceding the use of force against Plaintiffs when they failed to perform a reasonable evaluation of the circumstances prior to tackling them to the ground, then tasering multiple times, striking, and

punching Plaintiff Jonathan Jaimes several times while he was incapacitated. Defendant Deputies had no credible or otherwise objectively reasonable threat to their safety or that of another deputy or person, at the time officers encountered Plaintiffs to justify the high level of force inflicted upon them.

91.    Defendant Deputies should have known that approaching a residence and taking an individual who is not posing a threat of violence, nor committing any crime, to the ground in front of his 15-year-old son, then tasering, striking and punching him while he is down the ground is contrary to standard police practices and training.

92.    Moreover, Defendant Deputies should have known that tackling a juvenile who is not posing any credible threat of violence or harm to deputies or others, but is pleading for his father's safety, then handcuffed and taken into custody is likewise contrary to standard police practices and training.

93.    Defendants were further negligent in failing to wait for backup before approaching the house to contact Plaintiff Jonathan.

94.    Defendants' negligence was the proximate cause of Plaintiffs' injuries, the direct cause being the illegal, unjustified, and, in the alternative, negligent tackling, tasering, and beating Plaintiff Jonathan and tackling his 15-year-old son.

95.    Finally, Defendants are liable for negligently failing to intervene when fellow deputies violate the constitutional rights of another.

96.    Defendants were negligent in failing to intervene as Plaintiffs' Fourth Amendment rights were violated by the illegal and unjustified force used against Plaintiffs. It was clear that the uses of force against Plaintiffs Jonathan and J.J. were excessive and would likely cause injuries to Plaintiffs, yet none of the Defendant DOE Deputies intervened, or reasonably attempted to intervene, during the entirety of the deputies' encounter with Plaintiffs.

**COMPLAINT FOR DAMAGES**

97.    Plaintiffs were harmed physically, mentally, emotionally, and financially, and Defendants' negligence was a direct and substantial factor in causing this harm.

98.    Plaintiffs suffered, and will continue to suffer, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

99.    Plaintiffs hereby demand a jury trial in this civil rights action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1.    Compensatory damages in a sum according to proof;

2.    For general damages in a sum according to proof;

3.    For special damages in a sum according to proof;

4.    For punitive damages in a sum according to proof, as to Defendant DOES 1-25;

5.    For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

6.    For any and all statutory damages allowed by law;

7.    For cost of suit herein incurred;

8.    For Declaratory Judgment that Defendant DOE Deputies' conduct was a violated the Fourth and Fourteenth Amendments; and

9.    For such other and further relief as the Court deems just and proper.

///
///
///
///

**COMPLAINT FOR DAMAGES**

1   Dated:  August 4, 2025                    BURRIS, NISENBAUM, CURRY, AND LACY LLP

2

3                                             By:   */s/ Julia N. Quesada*

4                                                   DeWitt M. Lacy
                                                    Julia N. Quesada
5

6                                                   Attorneys for Plaintiffs,
                                                    Jonathan Jaimes and J.J., a minor by
7                                                   And through Guardian Ad Litem,
                                                    Olga Rodriguez
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**